IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WINSTON CHU, M.D. and<br>AESTHETIC & RECONSTRUCTIVE<br>SURGERY, PC<br><br>    Plaintiffs<br><br>v.<br><br>DISABILITY REINSURANCE<br>MANAGEMENT SERVICES, INC.<br>a/k/a DISABILITY RMS,<br>ROBERT KELLER, M.D.<br>THE UNITED STATES LIFE<br>INSURANCE COMPANY IN THE<br>CITY OF NEW YORK,<br>AMERICAN INTERNATIONAL<br>GROUP, INC.<br>a/k/a AIG,<br>AMA INSURANCE AGENCY, INC.<br>A subsidiary of the American Medical<br>Association, and<br>AMERICAN MEDICAL<br>ASSOCIATION, INC.,<br><br>    Defendants | Case No. 06-91E<br><br>Judge Maurice B. Cohill, Jr. |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the Motion for Clarification filed by Defendants Disability Reinsurance Management Services, Inc. ("DRMS") and Dr. Robert Keller ("Dr. Keller"). For the reasons set forth below, Defendants' Motion for Clarification is granted and Counts XLV (45), LVIII (58), LXIII (63), and LXIV (64) of the Complaint brought by Plaintiffs Dr. Winston Chu ("Dr. Chu") and Aesthetic & Reconstructive Surgery, PC ("A&RS") are dismissed for failure to state a claim upon which relief can be granted.

## I. A&RS's libel claim against DRMS-Count XLV (45).

Plaintiffs allege in their Complaint that A&RS "is the business entity under which Dr. Chu practiced medicine, generally, and plastic surgery, more specifically. Dr. Chu is the President of [A&RS]." Complaint, ¶ 2. Relevant to A&RS's libel claim against DRMS, Plaintiffs' Complaint alleges that on November 18, 2004, during a telephone call, Dr. Keller, an employee of DRMS, told Dr. Dalton that Dr. Chu "had prior problems related to alcohol (ethanol) intake, loss of licensure to practice medicine, and a cessation of [Dr. Chu's] medical practice." See Complaint, ¶ 38. Plaintiffs' Complaint further alleges that on November 20, 2004, Dr. Keller generated a Medical File Review Addendum which summarized his conversation with Dr. Dalton, including noting that Dr. Dalton "had not been aware of Dr. Chu's prior medical problems related to alcohol intact [sic], loss of licensure, etc." See Complaint, ¶ 39 and Exhibit B attached to Plaintiffs' Complaint. Plaintiffs' Complaint further alleges that on November 20, 2004, Dr. Keller wrote a follow-up letter to Dr. Dalton wherein he again referenced Dr. Chu's alleged problems with alcohol/ethanol, loss of licensure and cessation of practice. See Complaint, ¶ 40 and Exhibit C attached to Plaintiffs' Complaint. Plaintiffs' Complaint further alleges that by letter dated January 18, 2005, Plaintiff's attorney, S. Walter Foulkrod, was sent a copy of Dr. Keller's November 20, 2004 letter and Dr. Keller's November 20, 2004 Medical File Review Addendum. Finally, Plaintiffs' Complaint alleges that Attorney Faulkrod received copies of the relevant letter and Medical File Review Addendum via facsimile on January 19, 2005.

A&RS is a corporation. Complaint, ¶ 2. The Pennsylvania Supreme Court has held that "a corporation may be defamed" and that "any language which unequivocally, maliciously and falsely imputes to an individual or corporation want of integrity in the conduct of his or its business is actionable." Cosgrove Studio & Camera Shop, Inc. v. Pane, 408 Pa. 314, 319-320,

2

182 A.2d 751, 753-54 (1962), citing, inter alia, Restatement Torts § 561. The Restatement (Second) of Torts, § 561, which is virtually identical to the original Restatement Torts § 561 cited to in the Cosgrove decision, addresses the defamation of corporations; it states in relevant part: "[o]ne who publishes defamatory matter concerning a corporation is subject to liability to it- (a) if the corporation is one for profit, and the matter tends to prejudice it in the conduct of its business or to deter others from dealing with it . . . ." Restatement (Second) of Torts § 561(1). Further, the comment section for § 561 explains: "[a] corporation for profit has a business reputation and may therefore be defamed in this respect. Thus a corporation may maintain an action for defamatory words that discredit it and tend to cause loss to it in the conduct of its business, without proof of special harm resulting to it. (See § 569, Comment e, and § 573). A corporation is not defamed by communications defamatory of its officers, agents or stockholders unless they also reflect discredit upon the method by which the corporation conducts its business." Id.

The defamatory statements alleged in the Complaint do not impute to the corporate A&RS a "want of integrity in the conduct of . . . its business." Cosgrove, 408 Pa. at 320, 182 A.2d at 754. Accordingly, Plaintiff A&RS has failed to state a libel claim against Defendant DRMS upon which relief can be granted and Count XLV (45) of Plaintiffs' Complaint is dismissed for failure to state a claim upon which relief can be granted.

**II. A&RS's Bad Faith-Breach of Contract-Declination of Benefits Claim against Dr. Keller-Counts LVIII (58).**

A&RS brought a "bad faith-breach of contract-declination of benefits" claim against Dr. Keller. See Complaint, ¶¶ LVIII. Dr. Keller argues that this claim against him must be dismissed because in Pennsylvania bad faith claims are governed by 42 Pa.C.S.A. § 8371 which only

applies to "insurers" and he is not an "insurer." Plaintiffs do not allege in their Complaint that Dr. Keller was a decision-maker with respect to Dr. Chu's insurance claims and therefore, there are no facts alleged in Plaintiffs' Complaint from which Dr. Keller could be found to be an "insurer." A&RS's 42 Pa.C.S.A. §8371 bad faith claim against Dr. Keller, Count LVIII (58) of Plaintiffs' Complaint, is dismissed for failure to state a claim upon which relief can be granted.

### III. A&RS's Punitive Damages Claims against Defendants DRMS and Dr. Keller-Counts LXIII (63) and LXIV (64).

Defendants DRMS and Dr. Keller argue that Counts LXIII (63) and LXIV (64) of Plaintiffs' Complaint must be dismissed because there is no independent cause of action for punitive damages. A&RS's punitive damages requests are improperly pled in the Complaint as separate and distinct causes of action against Defendants DRMS and Dr. Keller. As such, Counts LXIII (63) and LXIV (64) are dismissed for failure to state a claim upon which relief can be granted.

### IV. Conclusion.

Counts XLV (45), LVIII (58), LXIII (63), and LXIV (64) of the Complaint brought by Plaintiffs Dr. Winston Chu and Aesthetic & Reconstructive Surgery, PC are dismissed for failure to state a claim upon which relief can be granted. An appropriate order follows:

### ORDER

AND NOW, this _14th_ day of September, 2006, it is HEREBY ORDERED, ADJUDGED, and DECREED that Defendants' Motion for Clarification is GRANTED.

It is further HEREBY ORDERED, ADJUDGED, and DECREED that Counts XLV (45), LVIII (58), LXIII (63), and LXIV (64) of the Complaint brought by Plaintiffs Dr. Winston Chu

4

and Aesthetic & Reconstructive Surgery, PC are dismissed for failure to state a claim upon which relief can be granted.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior District Court Judge